NO. 07-09-0154-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 10, 2010

 

______________________________

 

 

STEPHANIE TORRES, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

 

NO. A16453-0511; HONORABLE ROBERT W. KINKAID, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Pursuant to an agreement, in 2006,
Appellant, Stephanie Torres, pleaded guilty to forgery of a financial
instrument.  The trial court deferred a
finding of guilt and placed her on deferred adjudication community supervision
for four years.  In 2009, the State filed
an amended motion to proceed with an adjudication of guilt alleging multiple
violations of the terms and conditions of community supervision.  After a hearing on the State's motion, the
trial court found the allegations to be true, adjudicated Appellant guilty of
the charged offense, and assessed her punishment at fourteen months confinement
and a $500 fine.  In presenting this appeal, counsel
has filed an Anders[1]
brief in support of a motion to withdraw. 
We grant counsel=s motion and affirm.

In support of his motion to withdraw, counsel certifies he
has conducted a conscientious examination of the record and, in his opinion,
the record reflects no potentially plausible basis to support an appeal.  Anders v. California,
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App.
2008).  Counsel candidly discusses
why, under the controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978).  Counsel has demonstrated that he
has complied with the requirements of Anders and In re Schulman
by (1) providing a copy of the brief to Appellant, (2) notifying her of her
right to file a pro se response if she desired to do so, and (3) informing her
of her right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[2]  By letter, this Court granted Appellant
thirty days in which to exercise her right to file a response to counsel=s brief, should she be so
inclined.  Id. at
409 n.23.  Appellant did not
file a response.  Neither did the
State favor us with a brief.

Background

In 2006, Appellant worked at a Texaco gas station and became
involved in accepting and cashing checks for several of her friends who were
not the owners of the checks.  In
addition to exchanging the checks for cash, she sometimes accepted checks for
gas or other items.

In its amended motion to proceed, the State alleged the
following violations of the terms and conditions of community supervision:

·        
Appellant failed
to report to her community supervision officer from February 2008 through March
2009;

·        
Appellant failed
to keep her community supervision officer advised of her correct address and
place of employment and notify the officer within forty-eight hours of any
change;

·        
Appellant failed
to pay her fines and court costs as scheduled;

·        
Appellant failed
to pay her community supervision fee of $40 per month; and

·        
Appellant failed
to complete 400 hours of community service

 

 

By the Anders
brief, counsel raises the legal and factual sufficiency of the evidence as
arguable grounds.  Counsel concludes that
the evidence does not support reversal of Appellant's conviction.

 

Decision to Adjudicate--Standard of Review

An appeal from a trial court's order adjudicating guilt is
reviewed in the same manner as a revocation hearing.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2009).  When
reviewing an order revoking community supervision imposed under an order of
deferred adjudication, the sole question before this Court is whether the trial
court abused its discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex.Crim.App.
2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.
1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
probationer violated a condition of community supervision as alleged in the
motion to revoke.  Cobb
v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993).  If the State fails to meet
its burden of proof, the trial court abuses its discretion in revoking
community supervision.  Cardona, 665 S.W.2d at 494.  In
determining the sufficiency of the evidence to sustain a revocation, we view
the evidence in the light most favorable to the trial court's ruling.  Jones v. State, 589
S.W.2d 419, 421 (Tex.Crim.App. 1979).  Additionally, a plea of true standing alone
is sufficient to support a trial court=s revocation order.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App.
1979).  

In addition to signing a stipulation of evidence, which was
admitted into evidence without objection, Appellant entered a plea of true to
all the allegations contained in the State's motion.  The State also presented evidence that
Appellant had violated the terms and conditions of her deferred adjudication
community supervision.   Appellant testified
to violating the terms and conditions of community supervision and admitted to
being lazy and irresponsible regarding some of the violations.  Consequently, the trial court did not abuse
its discretion in adjudicating Appellant guilty of forgery of a financial instrument.            

            We have independently
examined the entire record to determine whether there are any non-frivolous
issues which might support the appeal.  See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman,
252 S.W.3d at 409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 
We have found no such issues.  See
Gainous v. State, 436 S.W.2d
137 (Tex.Crim.App. 1969).  After reviewing the record and counsel=s brief, we agree with counsel that
there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the
trial court=s judgment is affirmed. 

 

Patrick A. Pirtle

      Justice

 

  


Do not publish.         

 

 

            











[1]Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).





[2]Notwithstanding that Appellant was informed of her
right to file a pro se petition for discretionary review upon execution of the Trial
Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of her right to file a pro se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.